UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNUM LIFE INSURANCE ) <br> COMPANY OF AMERICA, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN PAUL CRANE, *et al.*, ) <br> ) <br> ) <br> Defendants. ) | NO. 5:24-CV-00230-MAS |

**MEMORANDUM OPINION & ORDER**

This is an interpleader action initiated by Plaintiff Unum Life Insurance Company of America ("Unum"), seeking resolution of competing claims to the death benefits of John D. Crane (the "Decedent"). Following the Decedent's passing on August 3, 2023, multiple claimants asserted an interest in the disputed funds. Several issues now require resolution.

First, the Court must determine whether interpleader is an appropriate remedy in this action, including whether the jurisdictional requirements are satisfied, whether the disputed death benefits should be deposited with the Court pending resolution of this matter, whether Unum is entitled to attorneys' fees and costs incurred in bringing this action, and whether the defendants should be enjoined from pursuing separate claims related to the death benefits. Second, the Court must address Unum's pending Motion for Default Judgment. [DE 24]. The record reflects

that the Clerk has entered default against Bowlin, who has failed to file an Answer or otherwise participate in this litigation. [DE 21 (Mot. for Entry of Default) & 22 (Clerk's Entry of Default)]. The remaining question is whether entry of default judgment against Bowlin is appropriate and, if so, what relief Unum is entitled to under the circumstances. Finally, a Scheduling Order is necessary to govern further proceedings in this case.

For the reasons set forth below, the Court finds that: (1) the jurisdictional prerequisites for interpleader are satisfied; (2) interpleader is proper; (3) the defendants shall be enjoined from pursuing any further litigation regarding the disputed death benefits; (4) the death benefits shall be deposited with the Court; (5) Unum is entitled to the stipulated attorneys' fees and costs, to be deducted from the deposited funds; and (6) Unum's Motion for Default Judgment against Bowlin is granted. A Judgment and operative Scheduling Order shall be filed contemporaneously with this Memorandum Opinion & Order.

### I.   FACTS AND PROCEDURAL HISTORY[1]

Decedent was an employee at Challenge Mfg. Holdings, Inc. ("Challenge"), which established and maintained a Group Health and Welfare Plan ("Plan") for its employees governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). [DE 1 at ¶ 6–9]. Challenge funded the Plan through a Group Policy provided by Unum. [DE 1 at ¶ 9]. As a participant in the Plan,

---

[1] The Court relies on the facts as provided in Unum's Complaint. [DE 1].

Decedent had $46,000 in basic life coverage and $100,000 in voluntary coverage (hereinafter, "Death Benefits"). [DE 1 at ¶ 12].

On August 3, 2023, Decedent passed away. [DE 1 at ¶ 13]. Challenge informed Unum of Decedent's death on September 1, 2023. [DE 1 at ¶ 14]. Challenge also provided enrollment information that identified Defendant Sarah Carta ("Carta"), the Decedent's ex-girlfriend and Executrix of his Estate, as the sole primary beneficiary of the Death Benefits. [DE 1 at ¶ 14]. Although Carta was the sole named beneficiary, Unum has received multiple competing claims, including from Defendant Rhianna Bowlin ("Bowlin"), through her mother, Heather Bowlin, on behalf of the Decedent's then-minor child;[2] and Defendant Laura Oliver ("Oliver"), acting on behalf of and minor Z.C. and Defendant John Paul Crane ("Crane"), also children of the Decedent (collectively, the "Crane Defendants"). [DE 1 at ¶¶ 17–18]. The Crane Defendants' claim, submitted on August 10, 2023, avers that Carta's claim to the Death Benefits arises from her fraudulent acts. [DE 1 at ¶ 18]. The Crane Defendants also aver that Carta has previously engaged in similar fraudulent acts with her prior deceased partner. [DE 1 at ¶ 18].

The Group Policy that funds the Plan provides the following:

> It is a crime if you knowingly, and with intent to injure, defraud or deceive Unum, or provide any information, including filing a claim that contains any false, incomplete, or misleading information. These actions, as well as submission of materially false information, will result

---

[2] Unum originally named Heather Bowlin as a defendant in this action due to the minor status of her and Decedent's daughter Rhianna Bowlin (referred to as "R.B." in the Complaint), but the parties later stipulated that Rhianna Bowlin was no longer a minor and could be substituted as a Defendant in this matter. [DE 13 (Stipulation) & 16 (Order)].

> in denial of your claim, and are subject to prosecution and punishment to the full extent under state and/or federal law. Unum will pursue all appropriate legal remedies in the event of insurance fraud.

[DE 1 at ¶ 16]. The Group Policy further provides that if a named beneficiary is disqualified, the Death Benefits will be paid either to the member's estate or to his or her first surviving family member as outlined in the Group Policy. [DE 1 at ¶ 15].

Due to the multiple competing claims, and because one claim asserts fraud on the part of the named beneficiary, Unum filed this interpleader action on August 27, 2024. [DE 1]. Carta filed an Answer on October 4, 2024. [DE 8]. The Crane Defendants filed an Answer on October 15, 2024. [DE 12]. Although Bowlin waived service on September 26, 2024 [DE 14], she has not filed an Answer or otherwise appeared in this action. Unum requested that the Clerk of Court enter default against Bowlin due to her failure to timely file an Answer. [DE 21]. The Clerk of Court granted the request and entered default against Bowlin on February 10, 2025. [DE 22]. Subsequently, Unum filed a Motion for Default Judgment against Bowlin. [DE 24].

Most recently, and at the Court's request, the parties filed a Joint Status Report detailing their respective positions regarding whether interpleader is an appropriate remedy, whether Unum is entitled to attorneys' fees and costs, and a proposed case schedule for this matter moving forward. [DE 25]. Per the Joint Status Report, the parties agree that interpleader is the proper remedy. [DE 25, PageID# 244]. They further agree that it is appropriate for Unum to remit the Death Benefits to the Court pending entry of final judgment, and for Unum to be dismissed with prejudice. [DE 25, PageID# 244–45]. They also agreed that Unum is entitled to

recover reasonable and reduced attorneys' fees in the amount of $7,000 and costs in the amount of $405, to be subtracted from the Death Benefits remitted to the Court. [DE 25, PageID# 245].

## II.    ANALYSIS

### A.    INTERPLEADER

This matter arises under Federal Rule of Civil Procedure 22, which permits interpleader when multiple claimants may subject a plaintiff to double or multiple liability. FED. R. CIV. P. 22(a)(1). Interpleader is an equitable mechanism designed to protect a stakeholder from the burden of defending multiple claims to the same fund or property in separate proceedings. *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (citing 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1704 (3d ed. 2001)).

An interpleader action generally proceeds in two stages. First, the Court determines whether interpleader is appropriate, including whether jurisdiction exists, whether the stakeholder faces a genuine risk of multiple liability, and whether any equitable concerns preclude interpleader. *Id.* If interpleader is proper, the Court may discharge a disinterested stakeholder, enjoin further litigation related to the disputed funds, and direct the claimants to interplead. *Id.* at 638. In the second stage, the Court adjudicates the competing claims to the funds using standard litigation procedures. *Id.*

This case remains in the first stage of interpleader. The Sixth Circuit has opined that the "primary test" for determining whether a plaintiff has properly invoked the interpleader mechanism is "to consider 'whether the stakeholder

legitimately fears multiple vexation directed against a single fund or property,' which is known as the 'stake.'" *Mudd v. Yarbrough*, 786 F. Supp. 2d 1236, 1240 (E.D. Ky. 2011) (quoting *High Tech. Prods., Inc.*, 497 F.3d at 642). Plaintiff Unum asserts that interpleader is necessary due to competing claims for the Decedent's Death Benefits. Unum contends that it is subject to multiple liability and is unable to determine which Defendant may be entitled to the Death Benefits. [DE 1 at ¶¶ 21–22].

1.  **The Court has Jurisdiction**

Although the parties do not dispute that this Court has subject matter jurisdiction over this action, it remains a threshold question as with any action before this Court. It is generally recognized that there are two types of interpleader in federal court: "rule interpleader" and "statutory interpleader." *Mudd*, 786 F. Supp. 2d at 1241. Rule interpleader is brought pursuant to Rule 22 and statutory interpleader is brought pursuant to 28 U.S.C. § 1335. *Id.* If an interpleader action is brought under Rule 22, either federal question or diversity jurisdiction must be established. *Id.* (citing *Sun Life Assur. Co. of Canada v. Thomas*, 735 F.Supp. 730, 732 (W.D. Mich.1990) (noting "the interpleader rule is merely a procedural device and does not grant this Court subject matter jurisdiction")). However, the federal interpleader statute, 28 U.S.C. § 1335, "enjoys liberal procedural rules"—specifically, the Court can obtain under the interpleader statute when the disputed funds or property exceed $500 in value, there are at least two adverse claimants who are minimally diverse, and the plaintiff deposits the disputed funds or property into the Court's Registry. *Mudd*, 786 F. Supp. 2d at 1241 (quoting *Bhd. Mut. Ins. Co. v. United*

*Apostolic Lighthouse, Inc.*, 200 F.Supp.2d 689, 694 (E.D. Ky. 2002)); 28 U.S.C. § 1335(a).

Unum asserts this interpleader action under Rule 22 and avers that the Court has federal question jurisdiction under § 1331 and 29 U.S.C. 1132(e) because the Death Benefits fall under an employee welfare benefit plan governed by ERISA. [DE 1 at ¶ 6]. Alternatively, Unum asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because Unum (the stakeholder) and the defendants (the adverse claimants) are diverse under 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000. [DE 1 at ¶ 7].

The Court has subject matter jurisdiction over this action because it invokes a federal question. The Sixth Circuit has "explicitly held that the federal courts have jurisdiction over an action for interpleader to determine the proper beneficiary of benefits payable from an ERISA employee welfare plan." *Cent. States, Se. & Sw. Areas Pension Fund v. Howell*, 227 F.3d 672, 674 n.3 (6th Cir. 2000) (citing *Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997) (holding that an insurance company, as an ERISA fiduciary, had standing to bring an interpleader action to resolve competing claims to plan benefits and that federal question jurisdiction existed under ERISA)). Here, Unum has pled that the Plan (under which Decedent obtained the coverage that makes up the Death Benefits) is an ERISA-qualified plan. [DE 1 at ¶¶ 9–12]. Thus, the Court has federal question subject matter jurisdiction.[3]

---

[3] Since Sixth Circuit precedent clearly establishes the Court clearly has federal question subject matter jurisdiction over this action, the Court will not address

### 2. **Interpleader is Proper**

The Court agrees that interpleader is appropriate. Not only are there multiple claimants, but the Crane Defendants have filed a cross-claim asserting that Defendant Carta committed fraud and/or forgery in order to be designated the sole beneficiary of Decedent's Death Benefits. [DE 12 at ¶¶ 13–23]. If true, such allegations, under the language of the Group Policy, may disqualify Carta as a

---

whether there is complete diversity as required under 28 U.S.C. § 1332(a). While there is clear diversity under a traditional diversity analysis (Unum is a citizen of Maine, while all the claimant-defendants are citizens of Kentucky), the Sixth Circuit has not yet addressed whether an out-of-state plaintiff may file a federal interpleader complaint against claimants who are all citizens of the forum state. *UBS Fin. Servs., Inc. v. Kaufman*, No. 3:15-CV-00887-CRS, 2016 WL 3199535, at *4 (W.D. Ky. June 8, 2016). In *UBS Fin. Servs.*, Judge Simpson opined,

> The adverse parties in every properly plead interpleader action are the claimants asserting competing or conflicting claims to the same fund. Their diversity is what matters. Their diversity ensures that the parties adverse to each other, whose ownership rights are being litigated in a federal forum, are not citizens of the same state. Altogether, in this situation, it makes far more sense to consider whether diversity exists on the interpleader defendants' side of the "v" rather than "across the v," which would consider the citizenship of a party who does not claim ownership of the fund.

2016 WL 3199535, at *5. Accordingly, Judge Simpson departed from the holdings of circuit courts that have addressed the question and determined that, where there was no diversity among the defendant-claimants, the court did not have diversity jurisdiction under § 1332(a). *See id* at *6 (citing *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 703 (7th Cir. 2014); *Franceskin v. Credit Suisse*, 214 F.3d 253, 259 (2d Cir. 2000); *Comm'l Union Ins. Co. v. United States*, 999 F.3d 581, 584 (D.C. Cir. 1993); *Leimbach v. Allen*, 976 F.2d 912, 916 (4th Cir. 1992); *CNA Ins. Cos. v. Waters*, 926 F.2d 247, 249 n.5 (3d Cir. 1991); *Aetna Life & Cas. Co. v. Spain*, 556 F.2d 747, 749 (5th Cir. 1977); *Hunter v. Federal Life Ins. Co.*, 111 F.3d 553 (8th Cir. 1940)). At least one other district court in the Sixth Circuit has followed suit. *See Crestmark Bank v. CIBC Bank USA*, No. 18-11616, 2018 WL 5077165, at *4 (E.D. Mich. Oct. 17, 2018) (finding subject matter jurisdiction was "clearly lacking" because none of the adverse claimants in an interpleader action were diverse).

beneficiary. *See* [DE 1 at ¶ 15–16]. If Unum were to distribute the funds to an incorrect beneficiary, it could face litigation from the other potential claimants. Further, the Sixth Circuit has consistently recognized interpleader as an appropriate tool in cases involving competing claims to ERISA benefits. *See Humana Ins. Co. of Ky. v. O'Neal*, 727 F. App'x 151, 155 (6th Cir. 2018) (citing *Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997)). Finally, the parties agree that interpleader is the proper remedy for this action. [DE 25, PageID# 244]. No equitable considerations weigh against interpleader in this case. Accordingly, the Court finds that interpleader is warranted.

### 3.     **Discharge of Unum and Injunction**

Having determined that interpleader is appropriate, the Court may discharge Unum if it is a disinterested stakeholder, enjoin further litigation related to the benefits, and direct the claimants to interplead. *High Tech. Prods.*, 497 F.3d at 641. Unum asserts that it is a disinterested party, as it holds no stake in the outcome and is willing to pay the benefits to the proper recipient as determined by the Court. [DE 1 at ¶¶ 23–26]. The parties further stipulate that Unum is a disinterested stakeholder in the Death Benefits and that, following remittance of the Death Benefits to the Court, Unum should be dismissed with prejudice. [DE 25, PageID# 244–45]. The Court agrees and will discharge Unum from further liability.

The Court will also enjoin the parties from initiating or continuing any related litigation outside this proceeding. The Crane Defendants have already asserted cross-claims against Defendant Carta, who also claims an interest in the benefits. To preserve judicial efficiency and avoid conflicting rulings, an injunction is appropriate.

Finally, Unum will be ordered to deposit the full amount of the death benefits into the Court's Registry, and distribution will be determined in the second stage of this interpleader action.

### 4. Attorneys' Fees and Costs

Unum requests an award of attorneys' fees and costs. [DE 1, PageID# 6]. Although Rule 22 does not expressly provide for such an award, federal courts have discretion to grant reasonable fees and costs to an interpleading stakeholder when equitable considerations support it. *Holmes v. Artists Rights Enf't Corp.*, 148 F. App'x 252, 259 (6th Cir. 2005) (quoting 7 Wright, Miller & Kane, *Federal Practice and Procedure* § 1719 (3d ed. 2001)). The general rule is that a disinterested stakeholder is entitled to attorneys' fees and costs when it (1) is disinterested, (2) concedes liability, (3) deposits the disputed funds with the Court, and (4) seeks a discharge from liability. *Id.* (citing *Septembertide Publ'g v. Stein & Day*, 884 F.2d 675 (2d Cir. 1989)); *see also First Tr. Corp. v. Bryant*, 410 F.3d 842, 855–56 (6th Cir. 2005). The Court has discretion to determine an appropriate award based on reasonableness. *Holmes*, 148 F. App'x at 259.

Here, Unum meets the requirements to be entitled to attorneys' fees and costs: the parties stipulated that Unum is a disinterested stakeholder, Unum has conceded liability, and Unum has expressed willingness to unconditionally deposit the Death Benefits with the Court. [DE 1 at ¶¶ 21–26]. Accordingly, all four factors are satisfied, or soon will be. Moreover, the parties have stipulated that Unum is entitled to recover attorneys' fees in the reduced amount of $7,000 and costs in the amount of $405. [DE 25, PageID# 245]. The Court agrees that Unum is entitled to attorneys'

Page **10** of **15**

fees and costs for bringing this action, and that the reduced stipulated amounts are reasonable.

### B.    <u>UNUM'S MOTION FOR DEFAULT JUDGMENT</u>

The second issue before the Court concerns Bowlin's default, as she has neither filed an Answer nor otherwise participated in this case. Federal Rule of Civil Procedure 55 provides a two-step process for obtaining default judgment:

> (1) the party seeking a default judgment first files a motion for entry of default by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and (2) once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

*Disney Enterprises v. Farmer*, 427 F. Supp. 2d 807, 814–15 (E.D. Tenn. 2006) (citing Fed. R. Civ. P. 55). When a party fails to respond to a claim for affirmative relief, and that failure is demonstrated by affidavit or other evidence, the Clerk must enter default. Fed. R. Civ. P. 55(a). Once default is entered, if the claim does not involve a sum certain as outlined in Rule 55(b)(1), the requesting party must seek a default judgment from the Court. *See* Fed. R. Civ. P. 55(b)(2). The decision to grant default judgment is within the sound discretion of district court. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995).

Here, the Complaint alleges that Bowlin, through her mother Heather Bowlin (as she was a minor at the time), submitted a claim to Unum following the Decedent's death. *See* [DE 1 ¶ 17]. While Bowlin did waive service, extending her time to file an Answer, she has failed to do so even months after the fact. With these facts in the foreground, Unum asked the Court to enter default against Bowlin. The Clerk of Court entered default against Bowlin on February 10, 2025. [DE 22]. Unum filed a

Certificate of Service, certifying that a copy of the Clerk's Entry of Default was served upon Bowlin via first-class mail on February 10, 2025. [DE 23]. Unum has since moved for default judgment against Bowlin. *See* [DE 21].

Because Bowlin has neither responded to the Complaint nor participated in this case, the Court finds default judgment appropriate. Her waiver of service does not demonstrate the level of engagement necessary to avoid default judgment, particularly given the ample time she has had to file a pleading or take any action in this matter. *See Am. Select Ins. Co. v. Rumler*, No. 3:24-CV-01156, 2024 WL 4792068, at *2 (N.D. Ohio Nov. 14, 2024) (granting default judgment against a party who waived service but failed to file an answer).

The effect of entry of default judgment is that the factual allegations set forth in the Complaint are accepted as true. *United States v. Conces*, 507 F.3d 1028, 1038 (6th Cir. 2007). When a party has default with regards to responding to or defending against an interpleader complaint, the party likewise "forfeits any claim of entitlement that he might have asserted." *Usable Life Co. v. Gann*, No. 1:09-CV-77, 2009 WL 4348588, at *2 (E.D. Tenn. Nov. 24, 2009) (finding defendant who failed to plead or defend against an interpleader complaint forfeited her claim of $140,000 in life and accidental death benefits) (collecting cases). Similarly, default judgment against Bowlin means that her interest in the Death Benefits shall terminate at the time judgment is entered against her.

### III. CONCLUSION

For the reasons stated herein, the Court finds that that interpleader is the proper mechanism to resolve the competing claims to Decedent's Death Benefits and

this Court has jurisdiction over this action. Accordingly, pursuant to Federal Rules 22 and 67, as well as the guidelines established by the Judicial Conference of the United States and the Administrative Office of the U.S. Courts,

**IT IS ORDERED** that:

(1) Unum **SHALL**, within **21 days of entry of this Order**, tender the Death Benefits ($146,000.00) to the Clerk of Court by check made payable to Clerk, U.S. District Court.

(2) Upon receipt of the check, and pursuant to Fed. R. Civ. P. 67, the Clerk of Court **SHALL** deposit the interpleader funds into the United States Treasury to be invested in the Court Registry Investment System ("CRIS").

(3) Because the interpleader funds represent a disputed ownership interest and are subject to competing claims, they **SHALL** be classified as a Disputed Ownership Fund ("DOF") in accordance with 26 C.F.R. § 1.468B-9.

(4) The interpleader funds **SHALL** be placed in an interest-bearing account in the name of the "Clerk of the Court of the United States District Court for the Eastern District of Kentucky, Civil Action No. 5:24-cv-00230-MAS".

(5) In accordance with the District Court Miscellaneous Fee Schedule set by the Judicial Conference of the United States, and as authorized by the Administrative Office of the U.S. Courts under 28 U.S.C. § 1914(b), the Clerk **SHALL** deduct applicable fees from the CRIS DOF account, as follows:

      a. A fee of 20 basis points (0.2%) shall be assessed annually on the principal amount on deposit.

      b. The fee shall be automatically deducted from interest earnings whenever such income becomes available, and no further court order shall be required for the assessment of these fees.

(6) The funds deposited with the Court's CRIS DOF **SHALL** remain on deposit until further order of the Court;

**IT IS FURTHER ORDERED** that, upon full consideration of the parties' stipulations regarding the attorneys' fees and costs incurred by Unum as a result of bringing this action, the Clerk of Court is **DIRECTED** to distribute to Unum's counsel of record a check for $7,405.00, made payable to "UNUM LIFE INSURANCE COMPANY OF AMERICA", to be deducted from the funds held in the name of "Clerk of the Court of the United States District Court for the Eastern District of Kentucky, Civil Action No. 5:24-cv-00230-MAS".

**IT IS FURTHER ORDERED** that, pursuant to the parties' stipulation that Unum is a disinterested stakeholder, Unum is **DISMISSED WITH PREJUDICE** from this action and **DISCHARGED** from liability in connection with the disbursement of the Death Benefits; and

**IT IS FURTHER ORDERED** that Defendant Carta and Crane Defendants are hereby **ENJOINED** from making any further claims for benefits against Unum and from pursuing other action against Unum arising out of the disbursement of the Death Benefits.

**IT IS FURTHER ORDERED** that Unum's Motion for Default Judgment [DE 24] is **GRANTED** and a Default Judgment shall be entered against Defendant Bowlin, to be filed contemporaneously with this Memorandum Opinion & Order.

**IT IS FURTHER ORDERED** that the remaining adverse claimants—Defendant Carta and the Crane Defendants—are required to interplead their claims consistent with this Memorandum Opinion & Order. A Scheduling Order governing discovery and motion practice in this matter is forthcoming.

Signed this the 27th of February, 2025.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY